IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| RITA L. R.,[1] § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:21-CV-00154-BU |
| § | |
| KILOLO KIJAKAZI, § | |
| Acting Commissioner of Social Security, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Rita L. R. seeks judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. The parties have consented to proceed before a magistrate judge. Dkt. No. 18. And the case was transferred to the undersigned for all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636 (c). Dkt. No. 27.

For the reasons explained below, the hearing decision is affirmed.

I.  BACKGROUND

Plaintiff alleges that her disability began December 30, 2018. *See* Administrative Record, Dkt. No. 16-1 ("Tr.") at 195. Plaintiff initially applied for Title II Disability Insurance Benefits on January 14, 2020. *Id.* After her application was initially denied on March 2, 2020, Plaintiff challenged the denial and requested a hearing before an Administrative Law Judge ("ALJ"). Tr. At 130, 139. That hearing was held on December

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

22, 2020, with all parties appearing telephonically due to the COVID-19 pandemic. Tr. 51-83.

At the time of the hearing, Plaintiff was 54 years old. *See* Tr. 41. She completed the 11th grade and had past work experience as garment sorter, cleaner, and stocker. Tr. 75.

The ALJ found that Plaintiff was not disabled and not entitled to disability benefits. *See* Tr. 11-30 ("ALJ Decision"). At step one of the analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 30, 2018, the alleged disability onset date.[2] Tr. 14. At step two, the ALJ found the Plaintiff had several severe impairments including degenerative changes of the lumbar spine, fracture of the right clavicle/shoulder, anxiety, depression, post-traumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), and bipolar disorder. *Id.*

At step three, the ALJ found the Plaintiff did not have an impairment or combination of impairments that met the severity required in the Social Security Regulations. *Id.* Also during this step the ALJ used the psychiatric review technic ("PRT") to determine if Plaintiff's mental impairments considered singly or in combination meet or are the medical equivalent of a Listing of Impairment. Tr. 15. The ALJ evaluated the four areas of the PRT and found the Plaintiff had a moderate limitation in all four areas: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Tr. 15-16.

---

[2] As discussed further below, the Commissioner employs a five-step analysis in determining whether claimants are disabled under the Social Security Act.

The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform a full range of work with the following non-exertional limitations:

> "The claimant can never climb ladders, ropes or scaffolds and can frequently climb ramps and stairs. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant can frequently reach with the dominant right upper extremity. The claimant can understand, remember, and carry out simple and routine instructions and tasks. The claimant can occasionally adapt to changes in the work setting or work processes. The claimant must avoid work where job performance is based on a strict quota production requirement. The claimant can occasionally interact with the public, coworkers and supervisors."

Tr. 16.

The ALJ based his opinion on the Plaintiff's testimony and the submitted medical records, as well as the non-examining medical consultants. Tr. 17-23. Through evaluating Plaintiff's hearing testimony, the ALJ found her symptoms could be reasonably expected but that the intensity, persistence, and limiting effects was not entirely consistent. Tr. 17. Additionally, the ALJ found because Plaintiff was able to maintain employment, she likely had greater functionality than she alleged. *Id.*

The ALJ did note Plaintiff had a previous fall that resulted in the displacement and fracture of her right clavicle, but that she likely had recovered though she continued to experience pain and a reduced range of motion. Tr. 18-19. She also reported to have chronic back pain, but was able to walk normally, denied further complications, and did not require a medical assistive device or surgery. Tr. 18-19.

Plaintiff's mental impairments were noted in early 2019 and she successfully completed an intensive outpatient treatment for her anxiety, depression, sleep disturbances, and hallucinations. Tr. 19. After her treatment, she continued to present to her providers as

somewhat manic and complained of increased anxiety and depression. Tr. 19-20. She was not consistently compliant with her medication and was later diagnosed with bipolar disorder, generalized anxiety disorder, and ADHD. Tr. 20. She continued to work with her providers and experienced times of low energy but was noted to not have disturbances in her insight, orientations, or thoughts, and was not deemed a danger to herself or others or in need of additional psychiatric hospitalization. Tr. 20-21.

The ALJ evaluated the non-examining consultants and found their recommendations to be only partially persuasive due to their lack of support in the overall medical records. Tr. 22. The ALJ also found the disability statements of Plaintiff's healthcare providers, Dr. Tim Martin and Nurse Practioner Kimberly Gordon, were unpersuasive due to a lack of support and consistency in the overall medical records and in their own treatment notes. Tr. 22-23.

At step four, the ALJ found that Plaintiff could not return to her past relevant work as a garment sorter. Tr. 24. The ALJ then considered the Plaintiff's age, education, transferability of her skills, her RFC, and the testimony of a vocational expert to determine there were jobs in the national economy that exist in significant numbers. Tr. 24-25. Accordingly, the ALJ determined that Plaintiff was not disabled as defined by the Social Security Act, for the period in question. Tr. 25.

Plaintiff appealed the ALJ's decision to the Appeals Council, the Council affirmed, and Plaintiff timely filed this action in federal district court.

## II. LEGAL STANDARDS

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

To be entitled to Social Security benefits, a claimant must show that she is disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability

to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies his or her initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that claimant can perform. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557 (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *see also Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir.

1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id*. However, the Court does not hold the ALJ to procedural perfection. *See Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) Instead, a court will only reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record and only if that failure prejudiced Plaintiff. *Id*. That is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728–29 (5th Cir. 1996).

### III. ANALYSIS

Plaintiff challenges the ALJ's RFC decision as not supported by substantial evidence because the ALJ did not properly evaluate the evidence of Dr. Tim Martin and Nurse Practioner Kimberly Gordon. Dkt. No. 23.  Plaintiff argues the ALJ did not explain why he found Martin or Gordon's opinions as unpersuasive. Dkt. No. 23 at 14-23. Specifically, Plaintiff argues the ALJ did not explain how the opinions were not supported by the relevant objective medical evidence or consistent with other medical and nonmedical sources as required by statute. *Id*.

For Martin, Plaintiff argues the ALJ discussed supportability but did not discuss consistency with the other medical opinions. *Id.* at 15-18. For Gordon, Plaintiff argues the ALJ "cherry picked" her statements and did not provide enough reasoning for the rejection of her opinion as a whole. *Id.* at 15-23. Plaintiff argues this is error because had the ALJ

7

found Martin and Gordon's opinions persuasive, she would have been found to have more severe impairments on her PRT and thus would have been found disabled. *Id.* at 23.

In response, the Commissioner argues the ALJ did not find Martin and Gordon's entire opinions as unpersuasive but found the "check-the-box form opinions" as unpersuasive. Dkt. No. 24 at 5. The Commissioner argues the ALJ carefully considered the provider's medical notes versus their opinion on the disability status of Plaintiff. *Id.* at 5-9. For Martin, the Commissioner argues the ALJ found Martin's opinion inconsistent with his own treatment notes and lacked specific symptoms. *Id.* at 5-7. For Gordon, the Commissioner argues Gordon did not give specific limitations and found her opinion only partially persuasive because it was not consistent with the record as a whole. *Id.* at 7-9. Finally, the Commissioner argues the ALJ is free to reject any opinion when evidence supports a conclusion otherwise. *Id.*

Plaintiff replies that the ALJ is dismissing key evidence without an explanation. Dkt. No. 25 at 3. Plaintiff argues the only reasonable interpretation of the statute requires an explanation of the two most important factors. *Id.* at 4. Plaintiff argues the cursory statements regarding Martin and Gordon's opinions means the RFC is not supported by substantial evidence. *Id.* at 3.

For claims filed after March 27, 2017, like the case at hand, the ALJ does not defer or given any specific evidentiary weight to any medical opinions or prior administrative findings, regardless of the source. 20 C.F.R. § 404.1520c(a). Instead, the ALJ considers five factors to determine the persuasiveness of the medical and prior administrative findings: supportability, consistency, relationship with the claimant, specialization, and

other factors. 20 C.F.R. § 404.1520c(c). The two most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(a).

Supportability reflects the concept that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive" those opinion will be. 20 C.F.R. § 404.1520c(c)(1). Consistency reflects that "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical and nonmedical sources in the claim, the more persuasive the medical opinion(s)" will be. 20 C.F.R. § 404.1520(c)(2).

"An ALJ usually cannot reject a medical opinion without some explanation." *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) (holding for the same principle but under the previous rule before March 27, 2017). The ALJ has the duty to develop the facts and determine an RFC that is based on substantial evidence. *Ripley*, 67 F.3d at 557. The burden is on the applicant to show how they were prejudiced by the ALJ's opinion. *Id.*

1. <u>The ALJ's evaluation of Martin's opinion evidence does not deprive the ALJ's RFC decision of the requisite substantial evidence.</u>

The ALJ found two statements from Martin as unpersuasive, exhibits 10F and 11F. Tr. 22. Exhibit 10F is labelled as a "Treating Source Statement – Physical Conditions" which includes general areas the ALJ will consider when determining disability. Tr. 1138-1141. The form also includes areas for further explanation of the doctor's findings, which here were generally not completed or only included sparse answers without any explanation. *Id.* Exhibit 11F is a "Treating Source Statement- Psychological Conditions"

which also includes the areas the ALJ considers and limited, if any, explanations from Martin of the boxes checked. Tr. 1142-1159.

The ALJ explained that Martin's opinion was unpersuasive because his statement on physical functioning was not supported by any citation to specific treatment records or findings and was inconsistent with his own treating notes. Tr. 22-23. For example, the ALJ describes how Martin includes the physical impairment of low back pain but does not note any disturbances in ambulation, motor function, or significant treatment for joint pain. *Id*. For the mental limitations, the ALJ explains how the treating notes include references to Plaintiff's tearfulness and mild distress during her examinations, but do not reference either a "lack of orientation or thought content" or "notable changes in mental health care." Tr. 23.

The ALJ's evaluation of Martin's opinion includes substantial evidence for both supportability and consistency. Plaintiff conceded the ALJ discussed supportability but argues the ALJ did not discuss consistency. Dkt. No. 23 at 15. Plaintiff argues Martin's opinion is consistent with Gordon's and with other evaluations of Plaintiff. *Id.* at 15-17. However, this Court must review whether the ALJ's opinion was based on substantial evidence. Here, the ALJ fully developed and analyzed the record as a whole by giving a detailed recitation of Plaintiff's physical and mental impairments and the treatment of them. *Ripley*, 67 F.3d at 557.

> 2. <u>The ALJ's evaluation of Martin's opinion evidence does not deprive the ALJ's RFC decision of the requisite substantial evidence.</u>

The ALJ found Gordon's opinion partially persuasive, but that it was not consistent with Plaintiff's medical records as a whole. Tr. 23. The ALJ explained that Gordon's opinions did not include additional factors that supported Plaintiff's ability to find and maintain employment, the ability to live independently, and the ability to interact with others. *Id.* The ALJ also noted Gordon's opinions were not consistent with the severity of the opinion she gave because Plaintiff was not referred to intensive care even when she called in distress. *Id.* Additionally, the ALJ found Gordon's opinion not consistent with Plaintiff's primary care provider, Martin. *Id.*

Plaintiff argues that the ALJ did not consider all the medical records and testimony when determining whether Gordon's opinion was consistent. Dkt. No. 23 at 21. She argues the ALJ's assessment that she later successfully completed an outpatient program and was not hospitalized after calling in distress are not indicative of the record as a whole. *Id.* However, the ALJ uses these as examples for the inconsistency with Gordon's evaluation of Plaintiff as marked to extremely limited in her PRT. For example, Gordon opined that Plaintiff as markedly limited in her ability to understand, remember, or apply information, but only mildly limited in her ability to understand and carry out very short and simple instructions. Tr. 1241-42.

The ALJ's evaluation of Gordon's opinion includes a discussion of both supportability and consistency. *Id.* The ALJ properly describes how Gordon's opinion is

11

not supported by or consistent with the medical records as a whole and Plaintiff's ongoing care. *Id.*

## IV.  CONCLUSION

For the foregoing reasons, of the hearing decision is AFFIRMED.

ORDERED this 28th day of July, 2022.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE